STILLMAN LEGAL PC
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
www.StillmanLegalPC.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Alexander Muñoz

                *Plaintiff*,

-against-

II In Lot Parking Corp., Johana Espinal and Christian Espinal

                *Defendants*.
-----------------------------------------------------X

**COMPLAINT**

**under 29 U.S.C. § 216(b)**

**ECF Case**

Alexander Muñoz, ("Plaintiff"), individually by and through his attorneys, Stillman Legal, P.C., upon their knowledge and belief, and as against II In Lot Parking Corp., Johana Espinal and Christian Espinal (each an "Individual Defendant" and collectively with "Defendant Corporation", "Defendant"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiff was an employee of Defendant, employed to work as a parking attendant in a parking lot known as II In Lot Parking Corp. in Bronx, New York.

2. The defendant owns, operates, and/or controlled a parking lot, located in 2028 Creston Avenue Bronx, NY 10453.

3. Plaintiff was employed by Defendant to work as a parking attendant.

4. At all times relevant to this complaint, Plaintiff worked for Defendant in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he worked or minimum wage

5. Defendant failed to pay Plaintiff appropriately for any hours worked over 40, and failed to pay Plaintiff minimum wage as required.

6. Plaintiff now brings this action, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. The venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendant operates their businesses in this district, and Plaintiff was employed by Defendant in this district.

## THE PARTIES

*Plaintiff Alexander Muñoz*

9. Alexander Muñoz ("Plaintiff Muñoz") is an adult individual residing in Bronx, New York.

10. Plaintiff was employed by Defendants approximately on September 15th 2019 until October 24h, 2022.

11. Plaintiff was hired to work as a parking attendant of a parking lot from Friday through Tuesday. He was scheduled to work (56) fifty six hours per week and did in fact worked those hours week after week until his departure due to a heart attack at the parking lot. He worked for (12) twelve hours per day with a half hour break or (11.5) eleven and a half hours per day.

12. Plaintiff earned $13.50 per hour through all his employment with Defendants when the minimum wage in New York city was, at all times, $15.00 per hour.

*Defendants*

13. At all times, relevant to this complaint, Defendants owned, operated a parking lot known as II In Lot Parking Corp.

14. Defendants Johana Espinal and Christian Espinal are an individual engaging (or who were engaged) in business in this judicial district during the relevant time period.

15. Defendants Johana Espinal and Christian Espinal are sued in their individual capacity as, on information and belief, they are owners, officers, and/or agents of Defendant Corporation.

16. Upon information and belief, Defendants Johana Espinal and Christian Espinal possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

17. Defendants Johana Espinal and Christian Espinal determined the wages and compensation of the employees of Defendant, including Plaintiff, and established the schedules of the employees, maintained employees' records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendant Constitute Joint Employers*

18. Defendant owned, operated, and/or controlled a parking lot named II In Lot Parking Corp. in Bronx, New York.

19. Upon information and belief, individual Defendants Johana Espinal and Christian Espinal had operational control over the Defendant Corporation, possessed an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation.

20. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

21. Defendants possessed substantial control over Plaintiff (and other similarly situated employees) working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

22. Defendants jointly employed Plaintiff, and all similarly situated individuals and is him (and all similarly situated individuals') employee within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

23. In the alternative, Defendants constitutes a single employer of Plaintiff and/or similarly situated individuals.

24. At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and New York Labor Law. The defendants had the power to hire and fire Plaintiff,

control the terms and conditions of employment, and determine the rate and method of compensation in exchange for his services.

25. In each year from 2016 to the present, Defendant, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

*Plaintiff Alexander Muñoz*

26. Plaintiff Muñoz was employed by Defendants from on or about September 2019 until October 24th, 2022.

27. Plaintiff was hired to work as a parking attendant.

28. Plaintiff worked for Defendants Friday through Tuesday, Friday and Saturday from 6:00 A.M until 6:00 P.M, Sunday and Monday from 6:00 P.M to 6 A.M and Tuesdays from 2:00 P.M to 10:00 P.M or (11.5) eleven and a half hours per day. He worked in their parking lot, located in 2028 Creston Avenue Bronx, NY 10453.

29. Plaintiff typically worked (56) fifty-six hours per week but there were several weeks when he worked (86) eighty-six hours because as he was covering his coworkers who were on vacation.

30. Plaintiff Muñoz's work duties required neither discretion nor independent judgment.

31. Plaintiff Muñoz wasn't required to punch in or out.

32. Plaintiff Muñoz regularly worked more than 40 hours per week.

33. Plaintiff was paid $13.50 per hour, $756 per week in a mix of cash and direct deposit. He was paid $432 is cash and $324 by direct deposit.

34. Plaintiff was never paid minimum wage or overtime at the required time and a half premium pay.

35. No notification, either in the form of posted notices or other means, was given to Plaintiff Muñoz regarding overtime and wages under the FLSA and NYLL.

*Defendant' General Employment Practices*

36. Defendant's pay practices resulted in Plaintiff not receiving payments for all his hours worked, resulting in Plaintiff's effective rate of pay falling below the required minimum wage and overtime wage rate.

37. Plaintiff has been a victim of Defendant's common policy and practices violating their rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the hours he had worked.

38. As part of their regular business practice, Defendant intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

39. Defendant failed to provide Plaintiff with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendant' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

40. Defendant willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

41. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, (ii) for overtime due, and (iii) for spread of hours pay.

42. Defendant did not provide Plaintiff with any document or other statement accurately accounting for his actual hours worked and setting forth rate of overtime wage.

## **FIRST CAUSE OF ACTION**
**(Violation of the Overtime and Minimum Wage Provisions of the FLSA)**

43. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44. At all times relevant to this action, Defendant was Plaintiff employers (and employers of the putative FLSA) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

45. The defendant had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation.

46. At all times relevant to this action, Defendant was engaged in commerce or in an industry or activity affecting commerce.

47. Defendant constitutes an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

48. Plaintiff was damaged in an amount to be determined at trial.

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. Defendant, in violation of the FLSA, failed to pay Plaintiff minimum wage and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

51. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

52. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of Overtime and Minimum Wage Provisions of the New York Labor Law)

53. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

54. Defendant, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff minimum wage and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

55. Plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant:

(a) Declaring that Defendant has violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendant have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff' compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendant' violation of the provisions of the FLSA was willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendant have violated the overtime wage provisions of, and rules

and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendant have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h) Declaring that Defendant have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendant' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j) Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(l) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(m) Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

(n) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 28, 2022

Lina Stillman
**STILLMAN LEGAL P.C**

42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
*Attorneys for Plaintiff*